```
                                        DOCUMENT
                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT            DOC #:
SOUTHERN DISTRICT OF NEW YORK           DATE FILED: 4/1/16
-------------------------------------X
                                     :
MERCED IRRIGATION DISTRICT,          :   15-cv-4878 (VM)
                                     :
                       Plaintiff,    :
                                     :   DECISION AND ORDER
      - against -                    :
                                     :
BARCLAYS BANK PLC,                   :
                                     :
                       Defendant.    :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

By Decision and Order dated February 29, 2016, this Court granted in part and denied in part the motion by defendant Barclays Bank PLC ("Barclays") to dismiss the complaint ("Complaint", Dkt. No. 1) filed by plaintiff Merced Irrigation District's ("Merced"). ("February 29 Order," Dkt. No. 18.) In its February 29 Order, the Court granted Barclays's motion to dismiss Merced's claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. Section 1 ("Section 1"), in addition to Merced's unjust enrichment claim. The Court denied Barclays's motion to dismiss Merced's claims under Section 2 of the Sherman Antitrust Act, 15 U.S.C. Section 2 ("Section 2") and California Business and Professions Code Section 17200 ("Section 17200").

By letter dated March 11, 2016 ("March 11 Letter", Dkt. No. 20), Barclays seeks reconsideration of the part of the Court's February 29 Order denying Barclays' motion to dismiss

Merced's Section 2 claim as well as its Section 17200 claim, which is premised on the Section 2 claim. Merced responded by letter on March 16, 2016 opposing reconsideration of the February 29 Order. (Dkt. No. 21.) The Court deems the March 11 Letter a motion for reconsideration ("Motion") and now considers Barclays's Motion.

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The provision for reargument "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). The primary grounds justifying reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

2

Local Rule 6.3 ("Rule 6.3"), under which Barclays has moved for reconsideration, is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Under Rule 6.3, a moving party must point to controlling law or factual matters that the court overlooked in its decision on the underlying matter and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rule 6.3 must be narrowly construed and strictly applied so as to "avoid duplicative rulings on previously considered issues" and prevent the rule from being used to advance theories not previously argued or "as a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); see also Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Here, Barclays moves the Court to reconsider its decision not to dismiss Merced's Section 2 claim. Barclays argues that the Court overlooked controlling law and facts that would lead it to reverse its finding that Merced

3

adequately pled Barclays's monopoly power as required by Section 2. Specifically, Barclays argues that the Court "overlooked that courts infer market power from price control when the defendant can allegedly sell for more than the competitive price." (Dkt. No. 20 at 2.) Because Barclays is alleged to have both raised and lowered prices on the ICE Daily Index -- depending on which direction benefited it at the given moment -- Barclays argues that no Section 2 claim can be established.

Barclays does not argue that there has been any intervening change in controlling law that would have changed the outcome of the February 29 Order. Barclays cites several Second Circuit cases, all decided prior to the February 29 Order, which they contend support their position that a monopolization claim requires a defendant to have charged a price greater than the competitive price. See Berkey Photo, Inc. v. Eastman Kodak Co., 603 F.2d 263, 272 (2d Cir. 1979); Geneva Pharms Tech. Corp. v. Barr Labs., Inc., 386 F.3d 485, 500 (2d Cir. 2004). The Court considered those cases in reviewing the parties' original briefing, and they do not alter the Court's conclusion that Merced adequately pled facts alleging Barclays's power to control prices, as required for a Section 2 claim under Pepsico Inc. v. Coca-Cola Co., 315 F.2d 101, 108 (2d Cir. 2002). Accordingly, the

4

Court finds that there has been no "intervening change of controlling law" justifying reconsideration of the Order. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255.

Barclays cites no newly available evidence that would lead the Court to reconsider its decision. Neither does Barclays identify any "clear error or manifest injustice" that would lead the Court to reconsider the February 29 Order. Virgin Atl. Airways, 956 F.2d at 1255. Barclays's Motion reiterates its argument, made in the original motion to dismiss, that Merced's claim of unlawful monopolization under Section 2 depends upon Barclays having uniformly raised the prices of electricity contracts. The Court considered this argument in its February 29 Order, concluding that the applicable test is whether a defendant "has engaged in improper conduct that has or is likely to have the effect of controlling prices." Pepsico, Inc., 315 F.2d at 108. The Court further concluded in its prior order that Merced had alleged sufficient facts showing such conduct to survive a motion to dismiss. Barclays's re-presentation of case law previously considered by the Court does not suffice to establish clear error or manifest injustice.

The Court is not persuaded that Barclays has presented any new facts or controlling law the Court overlooked that might reasonably be expected to alter the Court's February 29

Order. See Local Civil Rule 6.3; Shrader, 70 F.3d at 257; Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Thus, the Court concludes that reconsideration of the February 29 Order is not warranted.

## ORDER

Accordingly, it is hereby

**ORDERED** that the motion of defendant Barclays Bank PLC ("Barclays") for reconsideration of the Court's Decision and Order dated February 29, 2016 (Dkt. No. 20) is **DENIED**.

**SO ORDERED.**

Dated:   New York, New York
         1 April 2016

Victor Marrero
U.S.D.J.