```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------- x
MERCED IRRIGATION DISTRICT, on
behalf of itself and all others similarly
situated,
                Plaintiff,

v.

BARCLAYS BANK PLC,

                Defendant.
--------------------------------- x

No. 1:15-cv-04878-VM-GWG

## FINAL ORDER AND JUDGMENT

Plaintiff Merced Irrigation District ("Plaintiff"), on behalf of itself and all others similarly situated, and Defendant Barclays Bank PLC ("Barclays" or "Defendant"), entered into a settlement agreement dated April 12, 2018 ("Settlement Agreement"). On April 27, 2018, this Court entered an Order Granting Preliminary Approval of Proposed Settlement, Certifying a Settlement Class, Authorizing Dissemination of Class Notice, and Scheduling Hearing for Final Approval of Proposed Settlement ("Preliminary Approval Order"). The Preliminary Approval Order granted preliminary approval of the Settlement Agreement between Plaintiff, the Settlement Class Members,[1] and Defendant. Notice was provided to the Settlement Class pursuant to the Preliminary Approval Order.

Barclays served a Class Action Fairness Act Notice required by 28 U.S.C. § 1715(b) within ten (10) days after the filing of the Motion for Preliminary Approval of Proposed Settlement.

The Court held a Fairness Hearing on September 14, 2018.

---

[1] Terms used in this Final Order and Judgment ("Order") that are defined in the Settlement Agreement have the meaning given to them in the Settlement Agreement unless otherwise defined herein.

1

Having considered Plaintiff's Unopposed Motion for Final Approval of Settlement, Certification of a Settlement Class, and Approval of the Plan of Allocation, and Plaintiff's Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and for an Incentive Award to the Named Plaintiff, oral argument presented at the Fairness Hearing, and the complete record and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this litigation, personal jurisdiction over the Settlement Class, and subject matter jurisdiction to approve the Settlement Agreement. This Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Agreement and Settlement Class Members.

2. The Settlement Class is finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3). The Settlement Class consists of:

> Any individual or entity that held any contract which settled against the ICE or Dow Jones published daily index prices for peak or off-peak power at either Mid-Columbia, Palo Verde, South Path 15 or North Path 15 between November 1, 2006 and December 31, 2008, and was damaged by movements in such index prices allegedly caused by Barclays. Excluded from the Settlement Class are Barclays and any present or former parent, subsidiary, affiliate, agent or employee of Barclays.

3. The Preliminary Approval Order outlined the form and manner by which Plaintiff was to provide the Settlement Class Members with Notice of the proposed settlement, the Fairness Hearing and related matters. The notice program included individual notice to members of the Settlement Class who could be identified through reasonable efforts, as well as the publication of a summary notice in the *Wall Street Journal* and in *Energy Central*, a trade publication that also sent an email containing the summary notice to more than 29,000 of its members. Proof that such mailing and publication complied with the Preliminary Approval Order has been filed with the Court (ECF No. 97). The Court finds that the notice program fully

2

complied with Federal Rule of Civil Procedure 23 and the requirements of due process. The notice provided to the Settlement Class Members was the best notice practicable under the circumstances and was reasonably calculated to apprise the Settlement Class of the pendency of the Action, the effect of the Settlement Agreement (including the release and discharge set forth in Paragraphs 28-30 therein), their rights to object to the Settlement Agreement and to appear at the Fairness Hearing, and their right to exclude themselves from the Settlement Class.

4. The Court hereby grants final approval of the Settlement Agreement and finds that it is fair, adequate, reasonable, in the best interests of the Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Class Action Fairness Act, the Rules of the Court and any other applicable law. In reaching this conclusion, the Court is satisfied that the Settlement Agreement was fairly and honestly negotiated, as it was the result of vigorous arm's-length negotiations undertaken in good faith by counsel with significant experience litigating antitrust class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. No person or entity has timely requested exclusion from the Settlement Agreement. There are no timely objections to the Settlement Agreement. The Court gives weight to the parties' judgment that the Settlement Agreement is fair and reasonable, as well as to the Settlement Class Members' reaction to the Settlement Agreement. Judgment is hereby entered in accordance with the terms of this Order and the Settlement Agreement.

5. The Court hereby grants final approval of the Plan of Allocation set forth in the Notice and finds that it is fair, adequate, reasonable, and in the best interests of the Settlement Class Members. There are no timely objections to the Plan of Allocation.

6. The terms of the Settlement Agreement and this Order shall be forever binding on all Releasing Parties as that term is defined in Paragraph 16 of the Settlement Agreement, in which the term Releasing Parties "refer[s] jointly and severally, individually and collectively, to the Plaintiff, the Settlement Class Members, their predecessors, successors, past, present and future parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past, present and future officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns or transferees, immediate and remote, of each of the foregoing." As used in the Settlement Agreement and this Order, "affiliates" means entities controlling, controlled by, or under common control with, any of the Releasing Parties.

7. The Releasing Parties are hereby permanently enjoined from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claim against any Released Party. All Releasing Parties are hereby bound by the release and discharge as set forth in Paragraphs 28-30 of the Settlement Agreement, which is expressly incorporated herein in all respects.

8. This Action, including all Released Claims as defined in Paragraph 28 of the Settlement Agreement, is hereby dismissed with prejudice in its entirety against the Defendant.

9. The Escrow Account established by Settlement Class Counsel, into which Barclays has deposited $29,000,000, plus any interest accrued on such deposit, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

10. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over this Action and the parties to it, including Settlement Class Members, to the full extent necessary to enforce the Settlement Agreement.

11. The Settlement Agreement is expressly incorporated herein by this reference, and will have the full force and effect of an order of this Court. The parties shall adhere to the terms of the Settlement Agreement.

12. Plaintiff's Counsel are hereby awarded attorneys' fees of $9,666,666.66 (33 1/3% of the Settlement Fund) to be paid out of the Settlement Fund. Settlement Class Counsel shall allocate the fee award in a manner which, in their opinion, fairly compensates counsel who performed professional services on behalf of the Plaintiff and the Settlement Class.

13. Plaintiff's Counsel shall be reimbursed a total of $1,409,616.21 in costs and expenses reasonably incurred in the prosecution and settlement of this litigation, to be paid out of the Settlement Fund.

14. Court-approved claims administrator KCC Class Action Services, LLC ("KCC") shall be paid $47,006.38 for the costs and expenses to date for claims administration to be paid out of the Settlement Fund. A reserve of $550,000 of the Settlement Fund for further claims administration work shall be set aside in light of the complexity of the transactions and detailed documentation to be provided by Settlement Class Members in connection with their claim forms and the intention to utilize the expertise of Econ One Research, Inc. as an expert to review the claims for accuracy, together with anticipated further costs of KCC. Any unused portion of the $550,000 reserve will be paid to Settlement Class Members as part of the Settlement Fund.

15. An incentive award of $150,000 shall be paid to Plaintiff out of the Settlement Fund in recognition of the benefit its efforts in the litigation conferred on the Settlement Class.

16. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the enforcement of the Settlement Agreement (except as otherwise provided therein); (c) any application for payment of any additional administration costs (not to exceed the reserve of $550,000 set forth above in paragraph 14), taxes and tax expenses from the Settlement Fund; and (d) the distribution of the settlement proceeds to the Settlement Class Members.

17. The Court hereby directs the entry of this judgment dismissing with prejudice all claims of the Plaintiff and the Settlement Class Members.

18. This Order shall become effective immediately.

**SO ORDERED.**

Dated: September 14, 2018

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE